legal I I o throw okay up good and who per one home health up  per to to names cases number light seventy in ninety James' is seriously against the Secretary of Veterans Affairs vestibular tel and home without thing if you're on it is a court James Barney on behalf of the appellant Mr. Cercily there are two alternative arguments set forth in the briefs one is a plain meaning argument the other is an ambiguity argument this morning I'd like to focus primarily on the ambiguity argument because I believe that is Mr. Cercily's strongest argument the question here is whether 38 U.S.C. section 1162 uh clearly uh precludes the DVA from providing two separate clothing allowances to a veteran such as Mr. Cercily who has uh amputations of both the upper and lower extremities if there's any ambiguity on this point then we submit that uh... the CAVC's interpretation of the statute uh... is erroneous because the CAVC did not uh... give any uh... credence to the Supreme Court's decision in Brown v. Gardner excuse me Brown v. Gardner Mr. Point is to the ambiguity point the ambiguity out is that your question your the the ambiguity I agree if there's no ambiguity it's difficult right so the point here is if there's any ambiguity then I believe that there is error in the CAVC's decision because it failed to apply the guidance of Brown v. Gardner so uh turning to uh the statute 1162 there's two sections and I'd like to address both of them in uh in turn the first paragraph one requires the secretary to pay a clothing allowance to each veteran who because of a service-connected disability wears or uses a prosthetic or orthopedic appliance including a wheelchair  tends to wear out or tear the clothing of the veteran now here there's no dispute that Mr. Sersely uses a wheelchair which is service-connected and that would separately qualify him under the statute for a clothing allowance and there's also no dispute that Mr. Sersely hasn't has a prosthetic arm also service-connected which would separately qualify him for the clothing allowance under the statute the question is whether there's something in that statute that clearly precludes or prohibits the DVA which was which is what the court held from awarding Mr. Sersely two separate allowances now the both the CAVC and the secretary argue that yes there is something that clearly does prohibit the DVA from awarding two allowances and that is the the text in a sense that the statute says a singular a clothing allowance to each veteran and the secretary argues that this clearly means that each veteran can only get one allowance well we disagree I think I can illustrate this with an analogy we're all generally familiar with the tax code and you can imagine a provision of the tax code that provides a singular a tax credit to each taxpayer who purchases a hybrid vehicle during the tax year but what happens if you purchase two hybrid vehicles during the tax year do you get one tax credit or you get two tax credits I would submit that at best that provision would be ambiguous on that point and highly likely that taxpayers would litigate it and arguably if there's nothing in the tax code that specifically limits a taxpayer to only one tax credit if you purchase two qualifying vehicles you should be entitled to two tax credits you can use other analogies but the point is that you've used the patent analogy and the patent claims where a does not mean single but could mean plural there are cases from this court saying a means more than one at times I would accept that as well your honor thank you and the point is you can come up with lots of analogies and I think the point is that anytime you have language that ties a benefit to a qualification there is an inherent ambiguity because the question is what happens if you have two qualifications and that's the situation with this statute there's an inherent ambiguity now I think the secretary tacitly has acknowledged that because the secretary posits a alternative argument which is that Mr. Sersely's interpretation of the statute would lead to unworkable results specifically and the CABC also put this in its opinion but specifically the secretary argues that under Mr. Sersely's interpretation a veteran with two prostheses on his arms for instance two prosthetic arms would still qualify for two clothing allowances even though both of those prostheses tend to wear out the same article of clothing um well we disagree that that's necessarily going to be the result of this interpretation the DVA already has a framework in place for distinguishing between what it calls overlapping disabilities and non-overlapping disabilities and with the court's indulgence I would like to refer to the decision of the veterans court in Esteban B. Brown now I do apologize this was not cited in the briefs but I would like to cite it now because I think it's important this is 6 vet app 259 page 262 and this is a decision of the veterans court in 1994 now in Esteban this the veteran had a single service-connected injury to his face but it resulted in three separate disabilities disfiguring disfigurement of his face painful scars and muscle injury interfering with his ability to chew or masticate each of these disabilities was separately rateable at 10% under the rating schedule but the RO and the BVA both awarded only a total of 10% to the veteran and they reasoned that he shouldn't be allowed to stack or pyramid these ratings on top of each other because they all related to the same injury it went to the CAVC and the CAVC disagreed and awarded the veteran a total of 30% and it's the court's reasoning that I think is very important here so I'd like to go ahead and read it and again this is from 6 vet app page 262 the critical element is that none of the symptomatology for any one of these three conditions is duplicative of or overlapping with the symptomatology of the other two conditions appellant's symptomatology is distinct and separate disfigurement painful scars and facial muscle damage resulting in problems with mastication thus as a matter of law appellant is entitled to combine his 10% rating for disfigurement with an additional 10% rating for tender and painful scars and a third 10% rating for facial muscle injury interfering with mastication so that same framework which is already in place at the DVA it's been the law since at least 1994 where they distinguish between overlapping and non-overlapping injuries could be applied here so a reasonable interpretation of 1162 would be to say that a veteran can receive multiple clothing allowances if he has qualifying disabilities that are distinct and non-overlapping with the respect to how they tend to wear and tear the veteran's clothing so going back to the situation of a veteran with two prosthetic arms if those prosthetic arms both tend to wear and tear the same article of clothing a reasonable interpretation would be that those are overlapping injuries that only entitle the veteran to one clothing allowance but that's not the situation here Mr. Sersley has what could be called non-overlapping injuries he uses a wheelchair which tends to wear and tear pants and he has a prosthetic arm which tends to wear and tear shirts so we disagree with the secretary and the CADC that our interpretation would somehow lead to unworkable results below I want to briefly just turn to paragraph two of the statute which deals with medication that have been prescribed by a physician for service-connected skin condition which determined which the secretary has determined causes irreparable damage to the veteran's outer garments Would you differentiate then based upon the wear and tear the particular clothing and various parts so if you have a pair of pants then the fact that you're wearing them all the time in a wheelchair they would wear faster than a shirt that you'd wear or a prosthetic arm Who's to make that determination? You think that the statute would allow that for regulatory purposes? The statute allows the secretary to make that determination and the statute is clear that the secretary is the one that determines whether or not a particular prosthetic device tends to wear and tear an article of clothing In practice, I believe these determinations are made by the VA in a general category is that wheelchairs in general are determined to wear and tear pants that prosthetic limbs of the upper body are in general deemed to wear and tear shirts I'm not sure if that answers your question So that would be a different wear and tear type of a location that you differentiate the two or even three or four for that matter That's right, your honor So for each one there'd be a separate clothing allowance That's right Under our interpretation of the statute that would be correct as long as they're not overlapping So if you have two prosthetic arms that both wear and tear the same article of clothing those would be overlapping disabilities Now, paragraph two to be clear Mr. Sersely is not claiming a clothing allowance under paragraph two The only reason I'm discussing it is that the secretary has pointed to paragraph two as an interpretive aid to be able to interpret paragraph one Specifically, the government argues that because paragraph two appears to allow only one clothing allowance even for a skin condition that affects both the upper and lower portions of the body that that same paradigm has to be applied to paragraph one That is incorrect because paragraph two is very clearly by design narrower in scope than paragraph one Paragraph two only applies if there's irreparable damage to the veteran's outer garments Paragraph one in contrast does not require irreparable damage It only requires wear and tear and it's not limited to outer garments It actually could include undergarments as well And that's an issue that's actually been litigated at the CAVC Actually, if I understand it although I think it's dictated in the case the secretary seems to be of the view that if you're getting a clothing allowance under one you cannot get one under two You're only entitled to one or the other That's right, your honor That was the and I agree it is dicta which is why I hadn't planned on addressing it here That strikes me as rather strange in view of the fact that they're quite different problems and they might affect quite different parts of your clothing But I don't really think that we need to address that issue here Neither do you, I take it I don't think so, your honor But I do agree with your analysis But turning to paragraph two again The other difference is paragraph two requires a physician's prescription for the medication Paragraph one does not require a prescription for the orthopedic devices or prostheses So the point is if you read the text of the statute it's clear that paragraph two by design is narrower in scope So it would not be fair or correct to use paragraph two to artificially limit the scope of paragraph one Next, I'd like to just briefly address the legislative history because I also think it's very important in this case The 1972 legislative history does not shed any light on the question before the court today And the reason is the VA during the 1972 deliberations put forth two separate and different sets of numbers One set of numbers tends to support the government's argument here But the other set of numbers supports Mr. Sersely's interpretation So at best the 1972 legislative history is kind of a wash It doesn't shed any light on the question that needs to be answered here But what's more relevant is the 1989 legislative history Because in 1989 Congress amended section 1162 for the express and written purpose of expanding the clothing benefit And it did so in two ways It added paragraph two which refers to the skin condition problem And in addition Congress specifically amended paragraph one to eliminate the plural word appliances leaving only the singular word appliance Now there's nothing in the 1989 legislative history that specifically says why Congress made that change But a very reasonable and logical explanation And I would submit the only reasonable and logical explanation for why Congress eliminated the plural appliances is that it wanted to make clear that severely injured veterans like Mr. Sersely, a triple amputee are not going to be limited to a single clothing allowance if they have multiple appliances Instead, each one of those appliances can in appropriate circumstances qualify for a separate clothing allowance Now we submit that it's error to overlook a specific amendment that the court, excuse me that Congress made to the statute Congress eliminated the plural word appliances presumably for a reason And Mr. Sersely has presented a logical and reasonable explanation for why Congress did so The government has not provided any explanation And therefore we think the 1989 legislative history very strongly supports a broad interpretation of paragraph one Now Mr. Barney you're into your rebuttal time Would you like to save it? Yes, your honor Thank you OK, then let's see from the secretary Ms. Cohen Good morning, your honor May it please the court The plain language of 38 USC section 1162 provides for a single clothing allowance per veteran per year If you look at the statutory text itself the sort of introductory paragraph says the secretary shall pay a clothing allowance of $662 per year to each veteran One clothing allowance singular per year to each veteran singular It doesn't say one, it says A  It doesn't say shall pay clothing allowances plural per year We do have some patent cases that say A doesn't mean A A could mean more than one Your honor, I'm not familiar On that basis You're not a patent lawyer? What are you doing in this courtroom? On that basis why could we say that A does not mean one? A could mean a single occurrence, right? A could mean One could be more than one Could be an arm, a leg, and a wheelchair So you could have more than one cumulative type of allowance You could have certainly could have more than one per thesis But that doesn't mean that you have more than one allowance There's nothing in the language that I would read that says a maximum of $677 per year No, but it's specifying a number of $662 per year to each veteran In that sense, it's saying this is the allowance amount Everyone gets $662 regardless of what your actual damage to your clothing is Congress has chosen not to go to each veteran and say how much per year are you spending extra because you have one prosthesis or more than one prosthesis Congress has said each veteran gets $662 per year if they qualify That is, if they have a service connected disability that requires them to wear or use a prosthetic Would you read it differently if it said a clothing allowance of $660 per year to veterans who because of a service connected disability Would that change your construction? No, that wouldn't be not quite as clear as the each veteran language But it's still under the regulation would be a clothing allowance per year to veterans who we're talking about the statute Yes, we're still talking about the statute who because of a service connected disability Let's take that phrase OK, how about if it said because of service connected disabilities That would actually more favor our interpretation Because I think it would I think you're right I think if it said because of service connected disabilities your case would be quite persuasive But it doesn't It says as the plaintiff has pointed out that Congress is using the singular here just as they converted the statute from from plural appliances to a singular appliance They've used singular here because of a service connected disability Which doesn't that suggest to you that a service connected disability means exactly that And if you have more than one service connected disability in appropriate cases you might be entitled to more than one clothing allowance No, a service connected disability Certainly I would agree with you A service connected disability means one disability in the sense that all you need is one in order to get this benefit You don't need more than one disability to get the benefit You only need one So it's saying you get the clothing allowance if you have a service connected disability that requires you to wear the prosthesis It seems to me your thesis sounds very much like the sort of thing an insurance company argues when it's trying to avoid liability Which strikes me as a little odd in the context in which the Veterans Administration has an obligation to try to help veterans How do you reconcile those two ideas? Well, there's certainly an obligation to help veterans But Congress is the one who passed this particular statute And what the court needs to do is look at the plain language of the statute and interpret what Congress intended to do with the clothing allowance And it's our position that the plain language says one clothing allowance per veteran per year Whether or not that construction is fair to veterans is not something this court gets to unless there's an ambiguity in the statute There's an ambiguity in the regulation and there's some ambiguity in the VA's interpretation of the regulation Let's approach it from this question and not so much ambiguity Let's, for the purpose of this question, agree that it is quite a reasonable plain reading that A means one Is your position that it's impossible to read it any other way? Because if it's not impossible whether or not it is the most logical plain reading then don't we have to consider the rules and the statutes about interpreting situations in favor of veterans? Right, if the court were to find that the plain language could be read some other way other than one clothing allowance That wasn't my question Are you saying that it's impossible to read it so that it would permit an additional clothing allowance in this situation where it's clearly different articles of clothing? Right, well that would be the same thing If the plain language says a certain thing then it would be impossible under the plain language for there to be more than one clothing allowance So you're saying that the plain language as used here by the veterans court is the only conceivable reading? That's correct Based upon the way that it was It's not quite plain language How often is subject to more than one reading? That's why we have lawsuits about plain language Well if there's ambiguity then it's not plain language and then the court would have to look at the regulation So you're saying there are no gradations it's either up or down Either up or down that there's one or more than one clothing allowance? In terms of reading the statute that it is absolutely prohibited in your view to read the statute more generously to the veteran recognizing there are statutes that require that that be done because of the way the statute is written That's correct In our view the way the statute is written you only get one clothing allowance per veteran It doesn't say only does it? No it doesn't say only in the language but it's our position that That would be plain language I think if it said only Well that would certainly We have a situation that according to the statistics apparently wasn't even presented This is an unusually disabled veteran Probably I'm not aware of the statistics as to how many veterans have more than one I think there were some in Weren't there some figures in one of your briefs? There were figures concerning the total number of veterans that might qualify for a clothing allowance There were no statistics in the legislative history concerning specifically how many of that group were veterans that had more than one Do we have any current statistics from the VA on how many veterans might qualify if more than one clothing allowance was available with the understanding that that clothing allowance would be for different garments not two for the same garment No your honor We don't have those We have no data But if it's so clear that this situation wasn't considered then how can the language be so plain as applied to this situation? It's not clear that the situation wasn't considered It's not So there's no statistics no numbers no counts Nobody knows You want us to infer that it nevertheless was considered or infer that it was not considered? Neither your honor All that our position is that it was not in the legislative history either way There's nothing indicating that specifically veterans with more than one prosthetic appliance were considered at the time of the statute But just the language of the statute itself and there was some more general discussion in the legislative history which also referred to a clothing allowance and the clothing allowance singular that those things indicate even though the legislative history doesn't specifically address veterans with multiple appliances that they did consistently in the legislative history use the terms the and a referring to a singular clothing allowance You know, I love statutory interpretation cases because they just give you so many interesting issues I agree with you as a matter of fact that the statute is really plain and is not ambiguous but I happen to think it's quite plain the other way For example, let me show you why that's true The secretary under regulations which the secretary shall prescribe which certainly sounds like congress intended the secretary to deal with the unique problems and cases that might come up shall pay a clothing allowance because of skip to each veteran part because who else would it be paid to so I think that's just surplus in the statute shall pay a clothing allowance because of a service connected disability Right? That's what it says That's what it says shall pay a clothing allowance because of a service connected disability which the secretary determines tends to wear out or tear the clothing of a veteran We have here a veteran with two service connected disabilities both of which tend presumably to wear out or tear the clothing of a veteran Seems to me it's clear on its face that the secretary shall pay a clothing allowance because of each of those service connected disabilities because it says because of a service connected disability So I think the plain meaning of the statute with all due respect to Mr. Barney's disagreement with me I think the plain meaning of the statute is very clear It says you are entitled to a clothing allowance Mr. Veteran for each service connected disability you may have if under the circumstances it makes sense to the secretary because you are damaging two different garments Now the statute doesn't say that last part but it's clear that the statute says the secretary shall prescribe regulation You want to read the statute to make to preclude the secretary from dealing with these unique and regrettably not unique cases in which you have a veteran with more than one service connected disability I cannot find that in Congress's intention that they want to preclude the secretary from dealing with those cases and I don't understand why the VA wants to find that in this statute So it seems to me the clear meaning of the statute has to be exactly what it says and the secretary can write regulations the regulation he's written isn't very helpful but the secretary can write regulations that say you only get one clothing allowance per garment but if you've got more than one service connected disability with affecting different garments by golly we want to help you Wouldn't that make sense for the secretary to take that position? The statute certainly allows the secretary to prescribe regulations to implement the statute but we would with all due respect disagree with your reading of the plain language The part that does say per year to each veteran is an important part in that it is saying one per year to each singular veteran and the section that says because of a service connected disability does not as your honor indicated say because of each service connected disability But it doesn't say because of service connected disabilities either does it? No it doesn't it says a service connected disability and as I said earlier all that's saying is that you only need one disability you don't need multiple disabilities to get the clothing allowance you just need one which is why it uses the singular term one Mr. Sersi argued that the singular when the in 1989 when the statute was amended and the the plural disabilities was removed that the only possible explanation for that was his explanation that there would now be a possibility of getting more than one but that is not the only reasonable explanation it is also possible that the word or disabilities was just seen as surpluses because as I said you only need one disability in order to get the clothing allowance but given that we disagree on a plain meaning perhaps there is no plain meaning and in that case if the court were to find it ambiguous it's our position that deference should be given to VA's regulation that it has actually regulation parrots the statute it doesn't exactly parrot the statute it uses right and it also more importantly uses the term appliances plural which the statute does not use and that indicates that VA has interpreted the statute to mean appliance or appliances plural would still get you one clothing allowance exactly what the congress repealed yes but it's it indicates VA has changed this regulation since 1989 when congress took out the or appliances they've changed other parts of the regulation but VA has not changed the portion that says appliances and their regulation which seems to indicate that they kept the same interpretation of the statute throughout even though congress removed or appliances that VA continued to interpret the statute to mean one clothing allowance regardless of whether you have one appliance or more than one appliance so you're saying that the 1989 amendments then would support your position it's still singular and it was with clear intent they removed the plural in the language prosthetic or orthopedic appliance or appliances they took appliances out that's right so what does that mean as far as congressional intent is concerned that they wanted to go back to the singular or they make the statute so ambiguous that it should be interpreted properly at this point in time is that what creates the ambiguity we don't know what congress's intent was in removing the or appliances it's our position that it didn't create any ambiguity that the statute whether it says appliance or appliances or appliance singular still has the plain meaning that you got one clothing allowance there's no indication as to what congress's intent was what i'm saying is that if the court were to find that there's ambiguity in the statutory language the regulation since 1989 even though it's been amended and VA has clearly considered it since the change in the statute has continued to keep the plural appliances meaning that VA has interpreted the statute continuously from 1972 onward to mean that you get one clothing allowance whether you have one appliance or multiple appliances that's also been consistent in VA's interpretation of the regulation and various VA documents which are mentioned on page 23 of our brief that talk about the clothing allowance singular again has been consistent your review of the legislative history showed that this aspect wasn't discussed the legislative history does show what an annual increase in the amount of the clothing allowance based on the cost of living is that why we have the increases that are shown and the irregular number now six hundred and sixty-two dollars right almost actually or in the legislative history almost all of the changes that have made been made in the statute which appear to be yearly changes are just changes in the amount of the allowance so it does increase based upon cost of living does a veteran get the increase automatically as the statute increases that I'm not sure of your honor but I would think so since it's a yearly payment any more questions let's go any more questions okay thank you let's go Mr. Barney just a couple points your honor on the issue of deference the CABC found that the regulation does in fact parrot the statute so to the extent that the court is going to afford deference to the agency's interpretation of its own regulation it seems it should there should be deference to the CABC which is the highest tribunal in the agency finding that the the regulation is quote indistinguishable from the statute with respect to the fact that the regulation was never amended and still contains the plural word appliances I don't believe that's the type of gap filling that is envisioned with chevron deference the agency essentially did nothing it didn't fill a gap it did nothing it didn't amend the regulation but in any event whatever deference is owed here and again we don't think their chevron deference is appropriate here because the regulation parrots the statute but whatever deference is owed here it has to be taken with the supreme court's guidance in brown v gardner that's that regulations and statutes to the extent there's an ambiguity should be construed in favor of the veteran the the government in their brief on page five suggests actually more than suggests they argue that chevron deference supplants the rule of brown v gardner in the sense that if a regulation is a reasonable interpretation of the statute then you don't need to go to brown v gardner even if it's a veteran statute that is absolutely incorrect and this court stated it properly bear with me for one second in disabled american veterans v gober which we cite in our brief chevron deference applies if congress is either silent or unclear on a particular issue however modifying the traditional chevron analysis is the doctrine governing the interpretation of ambiguities in a veteran's benefit statute that interpretive doubt is to be resolved in the veteran's favor so even if i take it that neither judge gay arson or i have persuaded you you could with or without patent law make a plain meaning interpretation of this statute in your favor you have you have more than persuaded me on your honor i totally agree i i selected what i hoped would be our strongest argument but i think they're both strong arguments so unless the court has any other questions thank you mr bernie mr calvin the case is taken under submission thank you